UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA

                                                            Case Number: 1:05-cr-10104-1

   v.

JOSHUA T. ANDUJAR,
            Defendant.

MOTION FOR RECONSIDERATION
OF APRIL 18, 2005 DETENTION ORDER

N O W   C O M E S Joshua T. Andujar, by his counsel, Kevin L. Barron, and moves for release on bail pursuant to 18 USC §3142 and the April 18, 2005 order of this Court.  Defendant submits additional evidence that there are conditions of release to assure his appearance and the safety or persons and the community, namely his wife's willingness to act as a third-party custodian and his family's willingness to post approximately $50,000.00 in cash bond.  Mr. Andujar is not subject to the Bail Reform Act's rebuttable presumption in favor of detention for violent crimes and Controlled Substances Act violations.  See, 18 USC §3142 (e) & (f)(1).

FACTS

Mr. Andujar seeks release on cash bond with conditions under an indictment for allegedly filing 21 false tax refund claims (18 USC §§287 & 1028) of about $65,000.00.  Mr. Andujar appeared on April 18, 2005 with the writer, CJA counsel, Kevin Barron.  AUSA Jack Pirozzolo appeared for AUSA Michael Pineault on behalf of the government.  Mr. Andujar pled not guilty to counts 1-21

1

and 22-23 (two related identity theft counts).  After a non-evidentiary hearing, the Court ordered the defendant detained under to 18 USC §3142(e).  In its order, the Court expressly gave the defense leave to move for reconsideration based on new evidence.

Counsel says as follows in support of this motion:

I have had conversations with Mr. Jouie Andujar, defendant's brother on April 20 and 22, 2005.  The substance of those conversations indicates that defendant has a strong US family ties that lessen any risk of flight.   The defendant's family is willing to post substantial cash bail.  Jouie reports that defendant was born in Puerto Rico and was educated at the University of San Juan and in Washington, DC.  Jouie says that his brother has lived in Massachusetts for the last ten years and that he has been married to his wife, a dental assistant, in Worcester for the last three.  Jouie Andujar himself was educated at Indiana University and is native of San Juan, Puerto Rico working full time as a law clerk in San Juan.   Another brother is a partner and practicing tax attorney in a San Juan law firm.  Jouie reports further that the defendant's parents were "well-established" citizens throughout defendant's life.  The defendant's mother has been employed as a legal secretary for the managing litigation partner in the law firm of McDonald Valdez in San Juan for the last 29yrs.  The defendant's father (d. 1998) was educated at the University of Michigan and had served in various capacities as a minister in Puerto Rican Government.

I spoke today to defendant's wife, Luz Perez, with the aid of a friend acting as an interpreter. I explained to her the possibility that she could serve as a third-party custodian for her husband. I said that she would have to undertake an oath and responsibility of reporting any violations of the terms of release. She agreed that she would sign a bond.

As counsel mentioned at hearing, the defendant has been aware of the IRS Criminal Investigation Division investigation of him for some time. Defendant reports that IRS agents interviewed him and his family more than thirteen months ago.

## ARGUMENT

Mr. Andujar should be released because the Government cannot show by clear and convincing evidence that defendant poses a danger to the community and that "no condition or combination of conditions will *reasonably* [emphasis added] assure the appearance of the person as required and the safety of any other person and the community…." 18 USC §3142(e). The Government cannot rely on the presumption in favor of detention created by the Controlled Substances Act of 21 U.S.C. § 801 et seq. ("CSA"). This Court should distinguish Mr. Andujar's case from a CSA violation because the indictment gives a District Court probable cause to believe that the mandatory minimum sentences of the CSA apply. In other words, the CSA triggers the "rebuttable presumption" contained in § 3142(e) not present in this case. See *United States v. Dillon*, 938 F.2d 1412, 1416 (1 Cir. 1991)("*subject to rebuttal by the person, it shall be presumed*

3

*that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. . . ."* 18 U.S.C. § 3142(e). " ) See, *United States v. Kattar*, No. 92-1126 (1 Cir. 1992).

Indeed, it is difficult to understand how a case such as Mr. Andujar's could constitute an *unreasonable* risk of flight. This is a married 43 year-old US-born Worcester resident whose most serious offense has been a conviction and 16-month sentence for selling false social security cards. His arrest record includes a variety of driving and domestic offenses, most or all of which have been dismissed or continued. He has a history of cocaine abuse that is bound up with his past criminal conduct. Drug addictions are treatable and can be addressed with screening and attendance in Narcotics Anonymous. Likewise, the court can order home and work-place inspections and US Pre-trial Services can monitor defendant's employment.

The defense asks this Court to compare the instant case to more serious prosecutions in which defendants have been admitted to bail, such as organized crime prosecutions. See, e.g., *United States v. Patriarca*, 948 F.2d 789 (1 Cir. 1991)

> Membership in, and leadership of, a Mafia Family are undoubtedly "highly relevant considerations" in the pretrial detention analysis. *Tortora*, 922 F.2d at 885 n. 10; *DiGiacomo,* 746 F. Supp. at 1182. But mention of the Mafia is insufficient, in itself, to carry the day for the government, and we decline to disturb the district court's considered assessment that the other factors do not prove that Raymond Patriarca is such a danger to the community, or such a risk of flight, that no reasonable set of conditions on his release is conceivable.

4

CONCLUSION

For the reasons set forth above, defendant's motion should be granted.

Dated this 22nd day of April, 2005 at Boston, Massachusetts.

/s/ *Kevin Lawrence Barron*

_____
Kevin Lawrence Barron BBO No. 550712
Counsel to Defendant Andujar
453 Washington Street - 5th Fl.
Boston, MA 02111-1325
Telephone No. 617-482-6368
Cellular No. 617-407-6837
E-mail: k@lawyerbarron.com