UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2005-10104-MLW

UNITED STATES

V.

JOSHUA T. ANDUJAR

**ORDER ON DETENTION**

ALEXANDER, M.J.

The defendant, Joshua T. Andujar, appeared before this Court for an initial appearance and arraignment on April 18, 2005, and a detention hearing on April 27, 2005, pursuant to an indictment charging him with violations of 18 U.S.C. §§ 287 (false claims for refunds) and 1028(a)(7) (identity theft).  At the April 18 appearance, the government was represented by Assistant United States Attorney Jack W. Pirozzolo, and at the April 27 detention hearing by Assistant United States Attorney Michael Pineault.  Mr. Andujar was represented at both hearings by Attorney Kevin L. Barron.  The government moved to detain Mr. Andujar pursuant to 18 U.S.C. § 3142 (f)(2)(A) (serious risk of flight).

In that an indictment is extant, probable cause exists to believe that Mr. Andujar committed the offenses with which he is charged. United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). At the April 18 appearance, the Court heard argument from the government and Mr. Andujar on the matter of detention, and thereafter ruled from the bench that Mr. Andujar be detained in that, as of that date, no condition or combination of conditions would reasonably assure his appearance at trial. The Court also stated, however, that if Mr. Andujar wished to present additional evidence and a plan of release at a later date, he may do so. Mr. Andujar opted to do so, filing a motion for reconsideration that led to the April 27 detention hearing. The evidence upon which the Court bases its continued decision to DETAIN Mr. Andujar, as more fully described below, is culled from both the April 18 appearance and the April 27 hearing.

In May 2001, Mr. Andujar pled guilty to charges of unlawful sale of documentary evidence of citizenship, in violation of 18 U.S.C. § 1427, and the sale of social security cards, in violation of 42 U.S.C. § 408(a)(7)(c). Mr. Andujar was sentenced to imprisonment and a period of supervised release. While on supervised release, he committed the alleged offenses with which he is now charged. If convicted of the current charges, then, Mr. Andujar faces an enhanced penalty of imprisonment pursuant to 18 U.S.C. § 3147. The government therefore

2

asserted, as its primary basis for detention, that Mr. Andujar has not only the means and skill to create false identification, given the crimes of which he has been previously convicted as well as those of which he is currently charged, but every incentive to use that skill to flee.

Pursuant to the Bail Reform Act of 1984, this Court shall detain a criminal defendant pending trial upon a determination that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e); United States v. Montalvo-Murillo, 495 U.S. 711, 716-17 (1990). "With regard to risk of flight as a basis for detention, the Government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance at future court proceedings." United States v. DiGiacomo, 746 F. Supp. 1176, 1180-81 (D. Mass. 1990). The burden of persuasion remains with the Government on the question of flight risk. See DiGiacomo, 746 F. Supp. at 1181 (citing United States v. Jessup, 757 F. 2d 378, 381-82 (1st Cir. 1985)). The Court's analysis regarding detention is governed by the rubric set forth in 18 U.S.C. § 3142(g).

First, the Court looks to the nature and circumstances of the offense charged against Mr. Andujar. Mr. Andujar is charged with filing false claims for refunds

3

and identity theft, crimes that this Court deems to be of great import.  Second, the Court looks to the weight of the evidence against the defendant.  Here, the evidence is not insignificant and, as previously discussed, is sufficient to establish probable cause.

The Court's third inquiry relates to the individual defendant.  Mr. Andujar has, in the past, demonstrated a clear reluctance to comply with conditions of release.  As the Court has previously noted, the crimes with which Mr. Andujar is currently charged were allegedly committed while Mr. Andujar was on supervised release.  Additionally, memoranda provided by Pretrial Services ("PTS") indicate that while on release pending trial on the charges to which Mr. Andujar ultimately pled guilty in May 2001, Mr. Andujar, on more than one occasion, tested positive for cocaine use, in violation of his conditions of release.  Mr. Andujar was, at one point, in a residential drug treatment program, but, upon request, was allowed to leave the program.  He thereafter again tested positive for cocaine use, and his release was eventually revoked.

Defense counsel averred, and the PTS Report indicates, that Mr. Andujar has been diagnosed as being bipolar.   According to the PTS Report, Mr. Andujar told PTS that he was diagnosed with the disorder ten (10) years ago, and that his physician currently prescribes medication for the condition.  Defense counsel also

asserted that at the time Mr. Andujar committed the previous crimes to which he pled guilty in May 2001, Mr. Andujar's bipolar disorder was not being treated and, indeed, the PTS Report from that time indicates that Mr. Andujar was not then taking medication for the disorder.

Additionally, according to defense counsel, Mr. Andujar was using cocaine the last time he was on release but is not doing so now. While the Court appreciates defense counsel's efforts to distinguish Mr. Andujar's prior behavior from how Mr. Andujar might act this time around, violating release conditions by committing a crime does not speak highly to release.

Given the nature of the crimes with which he is charged, and the fact that he is subject to enhanced penalties if convicted because he was on supervised release at the time he allegedly committed the offenses, Mr. Andujar has every incentive to flee. Mr. Andujar's family is in Massachusetts. Other family, including his mother and brothers, is in Puerto Rico. Additionally, while Mr. Andujar may have been aware, for more than a year, of the investigation that led to the current indictment but did not leave, could post a $ 30,000 bond, and would be willing to give up his computer, none of this significantly ameliorates the situation. Although Mr. Andujar is not currently being charged with actually creating the

types of false documents that would enable him to flee, it is this very ability to create false documents that affords him the means, ability and incentive to leave.

After considering the evidence before the Court, and the presumption of 18 U.S.C. § 3142(e-f), the Court concludes by a preponderance of the evidence that JOSHUA T. ANDUJAR poses a serious risk of flight that cannot be vitiated by any condition or combination of conditions of release. Accordingly, the Court ORDERS him detained pending trial. Further, pursuant to 18 U.S.C. §3142(i) it is ORDERED that:

1. The defendant be, and hereby is, committed to the Custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counselor; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility(s) in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Review of this Order may be obtained by Mr. Andujar's filing of a motion for revocation or amendment pursuant to 18 U.S.C. § 3145(b).

SO ORDERED.

<u>5/20/05</u>                                               <u>/S/ Joyce London Alexander     </u>
Date                                                      United States Magistrate Judge