# KEVIN LAWRENCE BARRON
**ATTORNEY AT LAW**

453 WASHINGTON STREET - 5TH FLOOR
BOSTON, MASSACHUSETTS 02111-1325
TELEPHONE: 617-482-6368
TELECOPIER 617-517-7711
E-MAIL: K@LAWYERBARRON.COM

ADMITTED MA, NY, ME

October 6, 2005

AUSA Michael Pineault, Esq.
Office of the US Attorney
One Courthouse Way - Ste. 9200
Boston, MA 02210

RE:   *US v. Joshua T. ANDUJAR*
      Action No. 1:05-cr-10104-MLW

Dear Michael:

Congratulations on your promotion to director of the Financial Crimes Unit. As discussed yesterday, I am filing this request letter under Local Rule 116.3.

I file this letter to ensure strict and literal compliance with the Local Rules as the Court has admonished me to do. I acknowledge that Agent Foye's investigative files have been made available under LR 116.1 as automatic discovery. The issue here is having a copy made of at least five file boxes of investigative papers. Because the defense now requests production in a different form, I believe LR 116.3 (J) [1]applies. Only the defendant can know what the basis of his contact was with the individuals referred to in agent Foye's files. I think his request to have actual copies of this information is reasonable and there is good cause to comply. It is an issue of production that would not have arisen had the defendant been released. Consequently, producing voluminous photocopies was not foreseeable during the initial discovery compliance.

---

[1] **(J)** The procedure set forth in this section shall apply to subsequent requests for discovery after the initial forty-two (42) day period. When filing a discovery motion based on a subsequent discovery request, the moving party must additionally certify that the discovery request resulting in the motion was prompted by information not known, or issues not reasonably foreseeable, to the moving party before the deadline for discovery motions, or that the delay in making the request was for other good cause, which the moving party must describe with particularity.

1

Accordingly, the defense requests the government produce true and complete photocopies of all the IRS investigative files. I trust that this request is sufficiently particular and that there is no uncertainty as to the identity of the records requested. The defense is requesting all the information previously produced for inspection; that information was presented as the complete investigative record. If there is any other discoverable or exculpatory material not produced under LR 116.1, please produce it now.

Best regards,


Kevin L. Barron
KB